# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 01-2627

_____

| | | |
|---|---|---|
| Billy Yee, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Petition for Review of an |
| | * | Order of the United States |
| United States Environmental | * | Environmental Protection |
| Protection Agency, | * | Agency. |
| | * | |
| Respondent. | * | [UNPUBLISHED] |

_____

Submitted:  December 12, 2001

Filed:  January 24, 2002

_____

Before MORRIS SHEPPARD ARNOLD, BEAM, and RILEY, Circuit Judges.

_____

PER CURIAM.

The Environmental Protection Agency (EPA) assessed a civil penalty of $29,700 against Billy Yee, the owner of a rental apartment, for violating regulations, *see* 40 C.F.R. § 745.107, § 745.113, that require the disclosure to a tenant of the presence of lead-based paint in a rental apartment. *See In the Matter of Billy Yee*, 1999 WL 1201417 (E.P.A. Nov. 8, 1999).  The relevant provisions are included in a set of regulations, *see* 40 C.F.R. §§ 745.100-745.119, issued pursuant to several

statutes that are intended to prevent human exposure to toxic substances.  *See* 15 U.S.C. §§ 2601-2692, 42 U.S.C. §§ 4851-4852d.

Mr. Yee subsequently received a hearing before an administrative law judge, who upheld the assessment of the penalty.  *See In the Matter of Billy Yee*, 2000 WL 777973 (E.P.A. A.L.J. June 6, 2000).  The EPA appeals board affirmed the order of the administrative law judge.  *See In re Billy Yee*, 2001 WL 624774 (E.P.A. May 29, 2001).  Mr. Yee now petitions for judicial review.  We lack jurisdiction to consider Mr. Yee's petition and therefore dismiss it.

A petition for judicial review of an assessment under the relevant statutes may be filed "only ... within the 30-day period beginning on the date [when] the order making such an assessment was issued," *see* 15 U.S.C. § 2615(a)(3).  The EPA order was issued on May 29, 2001.  The final day to file a petition for review, consequently, was June 27, 2001.  Mr. Yee filed his petition on June 28, 2001, and has cited no authority that would relieve him of his obligation to comply with the statutory deadline.  We therefore dismiss Mr. Yee's petition for lack of jurisdiction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.